UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RONALD WILLIAMS,          )
                          )
        Petitioner,       )
                          )
    vs.                   )          Case No. 4:09CV165 CDP
                          )
SCOTT LAWRENCE,           )
                          )
        Respondent.       )

**MEMORANDUM AND ORDER**

Petitioner Ronald Williams is currently incarcerated in the Northeast

Correctional Center in Bowling Green, Missouri.  Williams is serving a seven-year

sentence as a result of his conviction by a jury of attempted statutory rape.  His

conviction was affirmed on direct appeal.  His motion for post conviction relief

was denied and that denial was affirmed on appeal.  In his petition for habeas

corpus relief under 28 U.S.C. § 2254, Williams raises nine grounds for relief.

None of William's claims entitle him to habeas corpus relief and so I will deny his

petition for the writ.

**Facts**

The Missouri Court of Appeals described the facts[1] as follows:

---

[1]These facts come from a supplemental memorandum filed with the Missouri Court of
Appeals' unpublished opinion affirming Williams' conviction.

In December, 2002, Victim and her two brothers spent the night at Defendant's house.  Victim was thirteen years old.  Victim and her brothers slept on the floor of Defendant's room.  Victim testified that during the night, Defendant tried to put his penis in her vagina.  She was facing away from Defendant, so she did not see his penis.  She stated that she felt it and knew it was a penis because it felt like "flesh and skin."  Defendant told victim "Don't tell."  Victim did not tell anyone about this incident.

On January 4, 2003, Victim and her brothers again slept at Defendant's house.  Victim fell asleep watching television in Defendant's room.  Victim's brothers were sleeping in another room.  Victim testified that she fell asleep and that she was a heavy sleeper she did not remember many details about the incident. . . .

Victim testified that when she woke up in the morning, she found "white stuff" in her underwear.  After Defendant took her and her brothers home, she removed the underwear.  She did not tell her mother what had happened.  At school the next day, Victim told her friends that she thought she was pregnant.  Her friends told a teacher, who told a school counselor.  The counselor talked to Victim and then called Victim's mother.  Victim's mother took Victim home to get the underwear she was wearing when the incident occurred and took Victim to the hospital.

The hospital staff conducted a sexual assault examination.  The staff took a sample of Victim's blood and seized the underwear Victim brought. The hospital marked all items and samples it gathered and put them in a rape kit.  The next day, Detective Janet McKern went to Victim's house at the request of the Division of Family Services.  She spoke with Victim, who told her what happened.  Later, Detective McKern called Defendant and Defendant voluntarily went to the police station for questioning.  Defendant also voluntarily provided a DNA sample collected by swabbing the inside of Defendant's cheek, known as a buccal swab.

Jennifer Schoenholz and Mary Anne Kwiatkowski of the St. Louis Crime Laboratory examined the rape kit.  Ms. Schoenholz

tested the underwear and determined that there was semen on the underwear.  Ms. Kwiatkoski compared the DNA in the underwear to a buccal swab sample that Defendant gave police and to Victim's blood. She determined that the DNA matched Defendant's DNA.  She further concluded that there was a one in one-quadrillion chance that the DNA on the underwear belonged to someone other than Defendant.

Defendant was arrested and charged with two counts of attempted statutory rape . . . . Count I related to the December incident and Count II related to the January incident. At trial, the State introduced the testimony of Ms. Schoenholz, Ms. Kwiatkowski, Detective McKern, Victim and Debra Perran, a nurse who treated Victim.  Defendant testified in his defense.  Defendant was acquitted of Count I and convicted of Count II. The court sentenced Defendant to seven years' imprisonment.

*State v. Williams*, No. ED86751, at 2-5 (Mo. Ct. App. Oct. 31, 2006)(Respondent's Exh. E).

The Court of Appeals rejected the claims of trial court error and affirmed the conviction and sentence without published opinion.  *State v. Williams*, 209 S.W.3d 10 (Mo. Ct. App. 2006).  Williams then brought a motion for post-conviction relief pursuant to Mo. Sup. Ct. R. 29.15.  The trial court denied that motion without an evidentiary hearing.  The Missouri Court of Appeals affirmed the denial on August 12, 2008 without published opinion.  *Williams v. State*, 260 S.W.3d 426 (Mo. Ct. App. 2008).

### *Grounds Raised*

Williams now seeks federal habeas corpus relief pursuant to 28 U.S.C. §

2254.  He asserts the following grounds for relief.

1.  The trial court erred in overruling Williams' Motion for Judgment of Acquittal concerning the January 2003 incident because there was insufficient evidence from which a reasonable juror could have found defendant guilty of attempted statutory rape.

2.  Trial counsel was ineffective for failing to submit a jury instruction for sexual misconduct on a child.

3.  Trial counsel was ineffective for failing to object and request a mistrial when State witnesses testified to evidence of uncharged sexual crimes against Williams.

4.  Appellate counsel was ineffective for failure to file a complete transcript on appeal, including pre-trial hearing, voir dire, and sentencing transcripts.

In a supplemental motion filed on October 13, 2011, Williams asserted five additional grounds:

5.  Trial counsel was ineffective for failing to have Williams' son testify at trial.

6.  Trial counsel was ineffective for failing to have the victim's brothers testify at trial.

7.  Trial counsel was ineffective for failing to pursue further questioning about the testing of DNA evidence discussed at trial.

8.  There was insufficient evidence from which a reasonable juror could have found defendant guilty of attempted statutory rape because the victim testified that she could not remember what exactly happened and because the court instructed the jury not to do any research on DNA evidence.

9.  Williams was denied a fair trial because his attorney, the prosecutor, and the

judge were in collusion.

### *Discussion*

Under section (d) of the Antiterrorism and Effective Dealth Penalty Act of

1996, 28 U.S.C. § 2254, when a claim has been adjudicated on the merits in state

court, an application for a writ of habeas corpus shall not be granted unless the state

court adjudication:

> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d).

The Eighth Circuit  has articulated the standards for subsection (1) as

follows:

> The "contrary to" clause is satisfied if a state court has arrived "at a
> conclusion opposite to that reached by [the Supreme Court] on a
> question of law" or "confronts facts that are materially
> indistinguishable from a relevant Supreme Court precedent" but
> arrives at the opposite result.  A state court "unreasonably applies"
> clearly established federal law when it "identifies the correct
> governing legal principle from [the Supreme] Court's decisions but
> unreasonably applies that principle to the facts of the prisoner's case."
> A case cannot be overturned merely because it incorrectly applies
> federal law, for the application must also be "unreasonable."

*Shafer v. Bowersox*, 329 F.3d 637, 646-47 (8th Cir. 2003) (quoting *Williams v.*

*Taylor*, 529 U.S. 362, 405, 411, 413 (2000)).

Under subsection (2), "a state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court proceedings,' 28 U.S.C. § 2254(d)(2), only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lombolt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1); Boyd v. Minnesota, 274 F.3d 497, 501 n. 4 (8th Cir. 2001)).

Several of Williams' grounds for relief allege that he received ineffective assistance of counsel at both the trial and appellate levels.  The Sixth Amendment establishes the right to the effective assistance of counsel in a criminal case. *Strickland v. Washington*, 446 U.S. 668, 686 (1984).  To state a claim for ineffective assistance of counsel, Williams must establish that his counsel's performance did not meet an objective standard of reasonableness, and that the deficient performance prejudiced the defendant. *Id.* at 687-88.  Failure to satisfy either prong is fatal to the claim. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).  In determining whether his counsel's performance was deficient, the Court must decide "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 446 U.S. at 688.  There is, however, a strong

presumption that the challenged action might be considered sound trial strategy.

*Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).  To establish

prejudice, Williams must demonstrate that there is a reasonable probability that the

decision reached would have been different absent counsel's error.  *Id.* at 694;

*Griffin v. Delo*, 33 F.3d 895, 900 (8th Cir. 1994).

The Eight Circuit has stated that "the courts must resist the temptation to

second-guess a lawyer's trial strategy; the lawyer makes choices based on the law

as it appears at the time, the facts as disclosed in the proceedings to that point, and

his best judgment as to the attitudes and sympathies of judge and jury."  *Blackmon*

*v. White*, 825 F.2d 1263, 1265 (8th Cir. 1987).  "The fact that the choice made later

proves to have been unsound does not require a finding of ineffectiveness."  *Id.*

"[I]t is not enough to complain after the fact that he lost, when . . . the strategy at

trial may have been reasonable in the face of an unfavorable case."  *Id.* (citing

*Strickland*, 466 U.S. at 690).

### *Grounds 1& 8: Sufficiency of the Evidence*[2]

Williams asserts that trial court erred in overruling his motion for judgment

of acquittal and motion for a new trial on Count II, the second first-degree statutory

---

[2]As discussed later in this opinion, grounds 5 through 9 were untimely filed.  But I will
discuss the merits of ground 8 because it is so closely related to ground 1, which was timely.

rape charge.  Williams argues that no reasonable juror could infer from the evidence that he had placed his penis in the victim's underwear while she was wearing them, as was required to show that he took a substantial step toward committing the crime of statutory rape.  Williams asserts that no evidence supports this inference.  In his supplemental motion, Williams rehashes the arguments on this point, adding only that the victim testified that she did not remember exactly what happened.  The Missouri Court of Appeals rejected this claim and found that there was sufficient evidence from which a reasonable juror could find that Williams was guilty beyond a reasonable doubt.

The standard for habeas relief based on a challenge to the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "In applying this standard, '[t]he scope of our review . . . is extremely limited . . . . We must presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and we must defer to that resolution.'" *Sexton v. Kemna*, 278 F.3d 808, 814 (8th Cir. 2002) (quoting *Miller v. Leapley*, 34 F.3d 582, 585 (8th Cir. 1994)).

Williams conceded to the Court of Appeals that "penis in underwear" was

sufficient conduct to establish intent and a substantial step.  He also stipulated that

the stain on the underwear was his semen.  The Court of Appeals found that the

evidence showed that the victim awoke to Williams touching her and she found

semen in the interior of her underwear.  The Missouri Court of Appeals did not

unreasonably apply the law or make an unreasonable determination of fact when it

concluded that because the semen was found inside of the victim's underwear,

there is a reasonable inference that Williams placed his penis inside of them.

Because the victim awoke wearing the underwear, there was also a reasonable

inference that the victim was wearing them when Williams placed his penis inside.

Taking all of the evidence and inferences in the light most favorable to the verdict

and giving deference to the state court rejection of this claim, I conclude that this

claim provides no basis for habeas relief.

<em>Ground 2: Failure to Submit a Jury Instruction</em>

Williams asserts that his trial counsel was ineffective for failing to submit a

jury instruction for sexual misconduct involving a child.  Williams asserts that he

was entitled to the instruction because sexual misconduct involving a child is a

lesser included offense of statutory rape.  Williams maintains that he was

prejudiced because, had the instruction been given, the jury would have found him

guilty of the lesser crime.

The Eighth Circuit has held that the failure to give a lesser included offense instruction in a noncapital case rarely, if ever, presents a constitutional question. *Tatum v. Dormire*, 183 F.3d 875, 878 (8th Cir. 1999); *Pitts v. Lockhart*, 911 F.2d 109, 112 (8th Cir. 1990).  The Supreme Court has never held that the failure to give a lesser included offense instruction in a noncapital case was a violation of the Constitution.  *Tatum*, 183 F.3d at 878.  Thus, whether the crime is actually a lesser-included offense is a question of state law.

The Missouri Court of Appeals held that sexual misconduct involving a minor was not a lesser included offense of attempted first-degree statutory rape. The court reasoned that under Missouri law, sexual misconduct involving a minor involved an additional element – that the crime must be done for the purpose of gratifying the sexual desire of any person – not contained in attempted statutory rape.  Williams' attorney cannot be found ineffective for failing to request an instruction that did not accurately reflect Missouri law.  Because the request would have been denied, trial counsel's decision not to ask for the instruction was not objectively unreasonable.  And, because the Supreme Court has never required the instruction of lesser included offenses in noncapital cases, the Missouri Court of Appeals reasonably applied federal law when it rejected Williams' first ground for ineffective assistance of counsel.

*Ground 3: Failure to Object to Uncharged Crimes Evidence*

In Williams' third ground for relief, he asserts that his trial counsel provided ineffective assistance by failing to object to testimony given by two witnesses that on several occasions Williams tickled and licked the victim on her stomach and had asked to bite and lick her breasts.  Williams asserts that this evidence was inadmissible propensity evidence and was unduly prejudicial. Both the post-conviction motion court and the Court of Appeals denied this claim.

The Missouri courts found that the testimony was admissible in order to establish that Williams had a motive for committing the charged crime, specifically, a sexual desire for the particular victim.  The Court of Appeals also found the evidence helpful to establish a complete picture and an absence of mistake.  According to the Court of Appeals, the evidence of Williams' prior actions and requests countered his contentions that he did not know how his semen ended up in the victim's underwear.  Thus, this was a proper use of prior bad act evidence.

Counsel's decision not to object to the evidence does not lie outside the wide range of "professionally competent assistance" under *Strickland*, because the evidence was, in fact, admissible.  *See Anderson v. Goeke*, 44 F.3d 675, 680 (8th Cir. 1995) (citing *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992)).

Moreover, even if the prior uncharged crimes evidence was objectionable, Williams has failed to demonstrate any prejudice as required under the second prong of *Strickland*.  *Strickland* requires that to prove prejudice, Williams' must show that, but for counsel's failure to object, the result of his trial would have been different.  *Strickland*, 466 U.S. at 694.  In addition to the prior uncharged acts evidence, the jury heard a substantial amount of evidence that demonstrated Williams' sexual desire for the victim, including the victim's own testimony of twice waking up to Williams touching her.  In light of this evidence, Williams has not demonstrated that the exclusion of the prior uncharged crimes evidence would have changed the result of his trial.

### *Ground 4: Failure to File a Complete Transcript*

In his fourth ground for appeal, Williams' asserts that his appellate counsel provided ineffective assistance by failing to review and file transcripts of a pre-trial motion hearing, voir dire, and sentencing transcripts.  Williams argues that, had his counsel reviewed and filed these transcripts, appellate counsel would have raised an issue relating to Rev. Mo. Stat. § 491.075.  At the time of trial, the statute allowed the admission of hearsay statements of a child under fourteen.  However, at the time of the investigation, the age limit was twelve.  Williams' claimed that had the transcript been filed, his appellate counsel would have claimed that

admission of the victim's hearsay statements was error because the victim was thirteen at the time of the statements, which occurred before the statutory change. The issue was raised in William's motion for a new trial but not raised in his appeal.  Both the motion court and the Court of Appeals found that failure to file the transcripts was not ineffective assistance of counsel.

The Missouri Court of Appeals found that no prejudice resulted from Williams' appellate counsel's failure to file the transcript.  The Court of Appeals noted that Williams failed to allege any trial court error present in the transcripts that appellate counsel should have discovered, raised, and briefed that would have led to a different outcome at trial.  This finding is not an unreasonable application of federal law.

The Eighth Circuit has stated that the "mere absence of a perfect transcript does not necessarily deny one due process of law." *Mitchell v. Wyrick*, 698 F.2d 940, 941 (8th Cir.1983).  Rather, Williams needs to show that he was prejudiced by the lack of a complete transcript. *Id.* at 942. *See also Bransford v. Brown*, 806 F.2d 83, 86-87 (6th Cir. 1986) (finding that, while appellate counsel's failure to file a complete transcript constituted deficient performance, absence of the transcript did not prejudice the petitioner).

Even assuming that appellate counsel should have obtained these additional transcripts, however, the Missouri Court of Appeals' conclusion that Williams failed to show any prejudice is not an unreasonable determination of fact or law. Williams claims that he was prejudiced because two witnesses were allowed to testify to statements the victim made pursuant to the hearsay exception under section 491 of the Revised Missouri Statutes. But it was not necessary for appellate counsel to review the transcripts in order to raise this issue. As Williams notes in his petition, the section 491 issue was raised in his trial counsel's motion for a new trial. This motion was a part of the legal file on appeal. Even without a complete review of the transcript, appellate counsel was aware of this issue. Appellate counsel's failure to raise this issue appears to be a strategic decision and not a result of counsel's failure to review the unfiled transcripts. "'Absent contrary evidence,' we assume that appellate counsel's failure to raise a claim was an exercise of 'sound appellate strategy.'" *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir. 1998) (quoting *Sidebottom v. Delo*, 46 F.3d 744, 759 (8th Cir. 1995)).

Williams has failed to allege any other claims that his appellate counsel should have raised that would constitute reversible error. Williams' claim presents little more than "gross speculation that the transcripts were requisite to a fair appeal." *Bransford*, 806 F.2d at 86. In the absence of any evidence to the

- 14 -

contrary, I conclude that Williams has failed to prove that prejudice resulted from his appellate counsel's failure to file a full transcript.

*Grounds 5-7 & 9*: *Additional Ineffective Assistance and Collusion*

Grounds 5, 6, 7 & 9 from Williams' supplemental motion claiming ineffective assistance of counsel and collusion are all both untimely filed and procedurally barred from federal habeas review.  Section 2244(d) of Title 28 provides a one-year limitations period for filing a request for habeas relief. Williams' conviction was final in 2008, yet he did not raise these grounds until 2011.  They are thus untimely and need not be considered.  In any event, the claims are procedurally barred because Williams did not raise these claims in either his state court direct or post-conviction appeal.  Williams has not alleged that this failure was due to cause or resulted in prejudice, or that there has been a fundamental miscarriage of justice that would excuse the default.

In order to preserve a claim for federal habeas review, a petitioner must allow the state court an opportunity to address the claim.  *Moore-el v. Luebbers*, 446 F.3d 890, 896 (8th Cir. 2006).  When a petitioner fails to properly raise a claim according to state procedural rules, that claim is procedurally defaulted.  *Id.* (citing *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992)).

Missouri law requires that a habeas petitioner bring any claim that a conviction violates the federal or state constitution in a motion for post-conviction relief under Rule 29.15.  *See* Mo. Sup. Ct. R. 29.15(a).  That same rule requires a petitioner to acknowledge that any known claims not presented in the motion are waived.  Failure to raise a claim in a post-conviction appeal results in an abandonment of that claim. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 2007) Therefore, failing to raise a claim on appeal from denial of post-conviction motion procedurally bars federal habeas review of the claim.  *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994).

To overcome the procedural bar, a petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  "The existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Id.* at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  Examples include "interference by officials" that makes compliance impracticable or a showing that "the factual or legal basis for a claim was not reasonably available to counsel."  *Id.*  To show prejudice a petitioner must demonstrate that the claimed errors "worked to his *actual* and substantial

disadvantage, infecting his entire trial with error of constitutional dimensions."

*United States v. Frady*, 456 U.S. 152, 170 (1982).

A petitioner can also overcome procedural default by showing "that failure

to consider the claims will result in a fundamental miscarriage of justice."

*Coleman*, 501 U.S. at 750.  "This exception requires a habeas petitioner to present

new evidence that affirmatively demonstrates that he is innocent of the crime for

which he was convicted."  *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir 2006).

In Williams' direct appeal he raised only one claim.  He asserted that the

trial court erred in failing to overturn his motion for a new trial because there was

insufficient evidence to support the verdict.  In his post-conviction appeal,

Williams raised only the three ineffective assistance of counsel claims discussed

above as grounds 2, 3 & 4 of his petition.  Therefore, only these four arguments

may be considered on federal habeas review.  All other claims raised are

procedurally defaulted.

Williams' has failed to allege a sufficient exception to the procedural default

requirements.  Williams has not alleged that there was any "cause" for his failure to

raise these claims in his post-conviction appeal, nor are these claims based on new

evidence not available to Williams at the time of his appeal.  Additionally,

Williams makes no claim of "actual innocence" necessary to satisfy the

fundamental miscarriage of justice exception.  His claims 5, 6, 7 & 9 are, therefore, procedurally barred and are dismissed.

### *Certificate of Appealability*

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability.  28 U.S.C. § 2253(c)(1)(A).  To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right.  *Id.* at § 2253(c)(2); *See Tideman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997).  A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.  *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).  I find that reasonable jurists could not differ on any of Williams' claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that petition and supplemental petition of Ronald Williams for writ of habeas corpus pursuant to 28 U.S.C. § 2254  [## 1, 15] are denied.

**IT IS FURTHER ORDERED** that petitioner's pro se motion for copies [#16] is denied.

**IT IS FURTHER ORDERED** that the petitioner has not a made a

substantial showing of a denial of a constitutional right and this Court will not

grant a Certificate of Appealability.

A separate judgment in accordance with this Memorandum and Order is

entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of December, 2011.